UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X Case No. 18-cv-01788
RUBELYS ALMONTE CHAPMAN,

                      Plaintiff,

-vs-

FIRST CARE OF NEW YORK, INC.,
ANTHONY RICCOBONO, JANE DOE 1, Said
Name being Fictitious and Unknown, JANE DOE
2, Said Name being Fictitious and Unknown,

                      Defendants,
-----------------------------------------------------------X

```
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/6/19
```

## [PROPOSED] ORDER

On April 30, 2019, the Parties in this Fair Labor Standards Act case filed a settlement agreement (Doc. #33-1), and a joint statement explaining the basis for the agreement (Doc. # 33), as required by *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d. 199 (2d Cir. 2015).

As an initial matter, The Parties have executed a separate settlement agreement to resolve Plaintiff's discrimination claims asserted in the Complaint. Courts in this Circuit have found bifurcated settlement arrangements, whereby parties submit their FLSA settlement agreement for court approval and settle non-FLSA claims, including discrimination claims, by private agreement, acceptable. *See, e.g., Abrar v. 7-Eleven, Inc.*, No. 14-cv-6315 (ADS) (AKT), 2016 U.S. Dist. LEXIS 50416, at *2-3 (E.D.N.Y. Apr. 14, 2016); *Santos v. Yellowstone Props.*, 2016 U.S. Dist. LEXIS 61994, at *3-4 n.1 (S.D.N.Y. May 10, 2016). The Court finds that the dismissal of employment discrimination claims does not require judicial review and thus will not review that agreement.

The Court has carefully reviewed the settlement agreement between the parties and has considered the following factors: (i) the parties' position as to the proper valuation of plaintiff's claims; (ii) the risks and costs of continuing to litigate; (iii) that the parties were represented by counsel throughout the litigation; ~~(iv) that the Court recommended the settlement in this action;~~ (iv) that Plaintiff no longer works for the Defendants; (v) the Plaintiff is receiving approximately 60% of her FLSA claims with full liquidated damages; and (vii) the fact that this agreement does not contain a confidentiality clause.

Based on the foregoing, the Court finds the settlement agreement is fair and reasonable, and the product of arm's-length negotiation, not fraud or collusion.

Additionally, the Court finds the attorneys' fees, which are one-third of the recovered amount, plus costs expended in the prosecution of the case to be fair and reasonable under the circumstances.

## CONCLUSION

The Parties' settlement agreement (Doc # 33-1) is APPROVED, and the case is DISMISSED WITH PREJUDICE. All scheduled appearances are cancelled. Any pending motions are moot.

The Clerk is instructed to close the case.

Dated: New York, New York
       May 6, 2019

SO ORDERED:

Hon. Naomi Reice Buchwald, U.S.D.J

2